(SECOND DEPARTMENT, AUGUST, 1984)

(August 6, 1984)

■ ANONYMOUS, Appellant-Respondent, v ANONYMOUS, Respondent-Appellant. — In a matrimonial action, the plaintiff wife appeals and the defendant husband cross-appeals from (1) a judgment of the Supreme Court, Westchester County (Leggett, J.), dated October 20, 1981, which, *inter alia,* granted the parties mutual divorces, granted plaintiff custody of the two infant issue of the marriage, and denied plaintiff alimony, and (2) an order of the same court, entered February 2, 1982, which granted plaintiff's application for counsel fees in the amount of $20,000, and denied defendant's application for counsel fees; the defendant separately appeals (3) from an order of the same

court, entered February 9, 1983, which denied renewal of his application which resulted in the order entered February 2, 1982; and the plaintiff separately appeals (4) from two orders of the same court, dated July 1, 1981 and August 11, 1981, respectively, which denied her motions to amend her complaint.

Appeals from orders dated July 1, 1981 and August 11, 1981, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment dated October 20, 1981 modified, on the facts, by (1) deleting from the seventh decretal paragraph thereof the sum of "$5,900.00" and inserting therein the sum of "$4,600.00", (2) deleting the ninth decretal paragraph thereof, and (3) adding thereto a provision directing defendant to pay to plaintiff the sum of $500 representing the value of her interest in certain Israeli bonds owned jointly by the parties and the sum of $500 representing arrears in counsel fees pursuant to a *pendente lite* order. As so modified, judgment affirmed, without costs or disbursements.

Orders entered February 2, 1982 and February 9, 1983, respectively, affirmed, without costs or disbursements.

After reviewing the voluminous record in this matter, we are satisfied that both parties have established their causes of action for divorce. In computing the amount due plaintiff in arrears under a *pendente lite* order, however, Special Term should have accepted the parties' stipulation that the amount of the claimed arrears was $4,600. Special Term should not have considered the $1,400 allegedly stolen from defendant, since there was no proof that the money was taken by plaintiff. Special Term should, however, have credited plaintiff, pursuant to its authority under section 234 of the Domestic Relations Law, with her interest in the Israeli bonds owned jointly by the parties and with the amount of *pendente lite* counsel fees defendant admitted he had not paid. The judgment is modified accordingly.

We have considered the remaining arguments advanced by the parties and have found them to be without merit. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.